FILED
CLERK, U.S. DISTRICT COURT

MAR 28 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>LEE BACA, et al,<br><br>        Defendants. | NO. CV 08-722-GAF(E)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

    On March 20, 2008, Plaintiff, a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint, purportedly pursuant to 42 U.S.C. section 1983. As to several of Plaintiff's apparent legal theories, the Complaint fails to state a claim on which relief may be granted.

    A civil rights plaintiff must allege <u>facts</u> showing that a person acting under color of state law deprived plaintiff of a constitutionally protected right. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), <u>cert. denied</u>, 478 U.S. 1020 (1986). Much of the Complaint alleges conclusions without supportive allegations of fact.

For example, the Complaint contains conclusory allegations of race discrimination. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To allege an equal protection violation, Plaintiff must allege he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). The Complaint contains no such allegations. Therefore, Plaintiff has failed to plead a cognizable Equal Protection claim. See Hamilton v. Adamik, 2007 WL 2782840, at *4 (N.D. Cal. Sept. 24, 2007) (prisoner's conclusory and ambiguous allegations of race discrimination insufficient).

Similarly, the Complaint contains allegations of excessive force, but fails to indicate who allegedly exerted what excessive force on whom. Such allegations are insufficient. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery).

Finally, the Complaint appears to complain of injuries allegedly inflicted on inmates other than Plaintiff. A pro se plaintiff may not represent anyone other than himself or herself. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United

1  States, 818 F.2d 696, 697 (9th Cir. 1987).  Thus, Plaintiff may not
2  seek relief for injury to other inmates.  See id.
3
4     For all of the foregoing reasons, the Complaint is dismissed with
5  leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
6  2000) (en banc); 28 U.S.C. § 1915(e)(2)(B), § 1915A(b).  If Plaintiff
7  still wishes to pursue this action, he is granted thirty (30) days
8  from the date of this Memorandum and Order within which to file a
9  First Amended Complaint.  The First Amended Complaint shall be
10 complete in itself.  It shall not refer in any manner to the original
11 complaint.  See Fed. R. Civ. P. 21.  Failure to file timely a First
12 Amended Complaint may result in the dismissal of this action.
13
14     DATED: _____3/28_____, 2008.
15
16                         _____
17                              GARY A. FEESS
                         UNITED STATES DISTRICT JUDGE
18
19
20 Presented this 26th day of
21 March, 2008, by:
22
23 _____
       CHARLES F. EICK
24 UNITED STATES MAGISTRATE JUDGE
25
26
27
28